VIRGINIA-CAROLINA CHEMICAL COMPANY *v.* W. T. STEEN.

[55 South. 47.]

1. COLLECTION OF NOTE. *Agency.*

Where the maker contracted to pay his note at a bank in Memphis, and the payee without consideration and for the convenience of the maker and at his request, forwarded the note for collection to a bank at the home of the maker, the latter bank was the agent of the maker and not of the payee and a payment to it did not discharge the note until the funds were transmitted to the payee.

2. SAME.

Where one of two parties must suffer a loss from the act of an unfaithful agent, it is proper that that party should be the loser who for the purpose alone of serving his own ends, was the cause of the selection of the unfaithful agent.

APPEAL from the circuit court of Alcorn county.

HON. JNO. H. MITCHELL, Judge.

Suit by the Virginia-Carolina Chemical Company against W. T. Steen. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*W. J. Lamb,* for appellant.

We contend that the Tishomingo Savings Institution was the agent of Steen. It is contended with equally as

much force by appellee that the bank was the agent of appellant. Now, the note was sent to the bank at Steen's request, when he knew that it was made payable at the bank in Memphis. Because Steen kept a deposit in this bank and deposited money there, as he claims, for the purpose of paying off this note, and because the bank failed without remitting the money for the note, can Steen then repudiate this act on his part, thereby making appellant the loser because of its having done so for the convenience and benefit of Steen and not the appellant? This being the case, we respectfully submit to the court that the Tishomingo Savings Institution was the agent of Steen and therefore Steen must stand the loss for he made the selection himself.

In the case of *Crane* v. *Bedwell et al.,* 25 Miss. 512, the cout said:

"The payment therefore made to Lee in this case does not bind the plaintiff and is no satisfaction of the judgment unless it was received by the direction and consent of the plaintiff."

This doctrine, we contend, is applicable to the case at bar. If the appellant had selected the Tishomingo Savings Institution as its agent and had sent the note there for collection without any request on the part of Steen, then, of course, Steen would be discharged and the debt paid so far as he is concerned when the money was paid to the bank. But this is not the facts in the case at bar. In the case at bar, the note was payable at the State National Bank at Memphis; and, before the note was due, Steen wrote the appellant to send the note to the Tishomingo Savings Institution so he could pay it, and as was said in the case of *Oil Co.* v. *Weathersford,* 91 Miss. 504:

When the payment was made to the sheriff he was simply the agent of Weathersford, and, if he did not pay it over, Weathersford must look to him for it.

Now, we submit to the court that this is the principle applicable to the case at bar. The Tishomingo Savings Institution, under the facts in this case, is simply the agent of Steen and when Steen paid the money to the bank for the purpose of paying the note and the bank failed to remit the money, Steen still owes the note to the appellant and Steen will have to look to the bank for his money.

There can be no strained principle of law involved in this controversy. It is purely a question of whether or not Steen will be bound by his acts, although he may suffer loss because of having unwisely selected the wrong person with whom to deposit his money. Steen had a right to select any person as his agent whom he desired. He was doing his banking with the Tishomingo Savings Institution, and it was more convenient for him that this note be sent for collection to the bank with which he did business; and, when he directed this note to be sent to this band for collection, he thereby made the bank his implied agent. There is no form necessary by which a principle may designate his agent.

In Cyc., vol. 31, p. 1227, the text says, as follows: "In general, no written instrument of particular form of words is necessary to constitute the relation of principal and agent. For most purposes, the agent's authority need not even be express, but if it is express, oral authority is sufficient."

We submit to the court under the facts in this case that when Steen directed the appellant to send this note to the bank, he created the bank his agent as a matter of law for this transaction at least.

In Cyc., vol. 31, p. 1217, the court will find the following: "The relation of principal and agent does not depend upon an express appointment and acceptance thereof, but it may be implied from the words and conduct of the parties and the circumstances of the case. It is often difficult to determine upon general principles

whether any agency exists; rather it must be determined from the facts and circumstances of the particular case. And if, in view of the facts, an implied agency is apparent, its extent is limited to the acts of a like kind with those from which it is implied, and is to be restricted to the purpose for which the facts show that it was granted.''

It often arises that it is hard to determine whose agent the representative has been when two or more parties are involved, and in Cyc., vol. 31, p. 1221, we have the following:

''When agency is shown, it is often difficult to determine, as between two or more parties involved, whose agent the representative has been in the transaction. The question in such case is, as between two parties who sustain relations to the agent, which of them under all the circumstances and conditions of the case it is fair to conclude appointed him and controlled his acts and the tenure of his employment.'' *Evans* v. *Pierce,* 70 Ill. App. 457; *Brainard* v. *Turner,* 4 Ill. App. 61; Cyc., vol. 31, p. 1235; *Hackett* v. *Van Frank,* 105 Mo. App. 384-385; Cyc., vol. 31, p. 1239; *St. Paul National Bank* v. *Cannon,* vol. 24, Am. St. Rep. 192; *Wood* v. *Merchants' Savings* Co., 44 Ill. 567; *Adams* v. *Hackensack Improvement Co.,* 43 Am. Rep. 410; *Ward* v. *Smith,* 7 Wall. 447.

*Candler & Candler,* for appellee.

The court refused to give the 2d and 3d charges asked by plaintiff which was eminently correct; and the asking of these charges indicated that appellant had swung loose from the real testimony and the law and was asking a verdict not according to the material facts. The charges asked and given by the court for appellee recited facts claimed to have been proven, and asked for a response as to their correctness from the jury which by its verdict found the alleged facts to be true and under

the law as given, found for appellee, and judgment was rendered in accordance therewith. There is no contention in the brief of counsel for appellant that these charges for appellee were not the law, and we think it unnecessary to cite any authorities to sustain them, and we submit that all the authorities cited by appellant do not affect nor change the law as given in the charges for appellee in the court below, and that the question was fairly submitted to the jury upon the law and the facts and a judgment rendered for plaintiff in the court below which should be affirmed.

ANDERSON, J., delivered the opinion of the court.

Appellant, the Virginia Carolina Chemical Company, sued appellee, W. T. Steen, on a promissory note for two hundred and five dollars. There was a judgment in the court below for appellee, from which appellant appeals.

The controlling facts in the case, which are undisputed, are as follows: The appellee, who resided in Alcorn county, on May 17, 1907, executed his promissory note to appellant for two hundred and five dollars, due November 1, 1907, with interest from maturity at the rate of eight per cent, per annum, payable at the State National Bank in Memphis, Tennessee, in which city appellant had an office through which it conducted its business for the territory of which Northern Mississippi is a part. A short time before the note became due, at the request of appellee, who did his banking business with the Tishomingo Savings Institution, at Corinth, in Alcorn county, the appellant forwarded the note to that bank for collection, and appellee was notified to that effect. After the note became due the appellee turned over to the Tishomingo Savings Institution a sufficient amount of money to pay the note, and on doing so received from the bank his note. Without having forwarded the collection thus made to the appellant, the Tishomingo Savings Institu-

tion failed in business, and appellant has never received from it the money so paid. Appellant thereupon brought this suit on the note, claiming that the payment made by appellee to the Tishomingo Savings Institution did not discharge the note; that in the collection of the note that bank was acting as the agent of appellee, and not of appellant. On the other hand, appellee contends that, under the facts stated, the payment by him to the Tishomingo Savings Institution was a payment to the agent of appellant, and therefore discharged the note. The court below refused, at the request of appellant, to instruct the jury to return a verdict in its favor, and this action of the court is assigned as error.

The question in the case is whether, in making collection of this note, the Tishomingo Savings Institution acted as the agent of appellee or of appellant; for it is undoubtedly the law that if it acted as the agent of the latter the note has been paid, and if of the former it has not been paid. By the terms of the note it was payable to the appellant at the State National Bank in the city of Memphis. By virtue of this stipulation in the contract the appellee agreed to pay the note there, and not somewhere else, and appellant was entitled to have payment made there, and not at some other place. For the convenience of appellee alone, and at his request, the note was forwarded to the Tishomingo Savings Institution for collection. In so forwarding the note for collection, appellant was serving the interest of appellee, and not its own. There was no advantage or consideration moving to appellant which induced it to so forward the note for collection. There was no reason why appellant should waive the stipulation in the note providing for its payment in Memphis. It is true appellant, at the request of appellee, trusted the Tishomingo Savings Institution with the custody of the note, and authorized its delivery to appellee when paid; but, looking through the form to the meaning of the transaction, such pay-

ment and delivery up of the note was not to be absolute until the money was paid to the appellant at the stipulated place of payment in the city of Memphis. Taking the whole transaction, it amounts to this: Appellee contracted to pay the note at the State National Bank at Memphis; but for the convenience of appellee, at his request, the note was forwarded to the Tishomingo Savings Institution, as the agent of appellee, to receive from him the amount due on the note and forward the money to appellant at the place of payment in the city of Memphis provided for in the note. The appellant did not waive its right to have the note paid there. It was not asked to waive this right. It had no interest to serve by waiving the same. Appellant only acquiesced in appellee's selection of the Tishomingo Savings Institution as his agent to receive the amount due on the note and forward same for him. Such acquiescence did not constitute the bank so making the collection the agent of the appellant.

On account of the insolvency of the Tishomingo Savings Institution, one or the other of the parties to this suit must lose the amount of this note. Shall it be the appellant, whose only fault was in trying to accommodate the appellee, if that may be called a fault; or shall it be the appellee, who, for the purpose alone of serving his own ends, was the cause of the selection of the unfaithful agent? We answer, the latter. It follows, from these views, that the peremptory instruction requested on behalf of appellant should have been given.

*Reversed and remanded.*

SMITH, J. (dissenting). I think that the Tishomingo Savings Institution was constituted, by appellant, its agent in the collection of the note and, consequently, appelle was discharged when he paid the amount due on this note to the Tishomingo Savings Institution. It is true that appellant appointed the Tishomingo Sav-

ings Institution its agent at the request of appellee, but as no fraud or deceit on the part of appellee was shown, this fact cannot, in my judgment, alter the situation of the parties.