## RIVERS *v.* HOUSE.

Opinion delivered November 14, 1921.

1. GUARANTY—NOTICE OF ACCEPTANCE.—An offer to guaranty the purchase money of land, which was conditioned upon the satisfaction of a mortgage and was coupled with a request for an answer, did not become binding where the vendor failed to answer, though he did procure the satisfaction of the mortgage.

2.  VENDOR AND PURCHASER—PAYMENT OF PURCHASE MONEY.—Where
    a vendee delivered a cashier's check to the vendor in payment
    of the purchase money of land, and the issuing bank failed be-
    fore paying the check, the bank being the vendee's agent, the
    loss of the purchase money by its failure must fall upon the ven-
    dee, and not upon the vendor.

3.  ESTOPPEL—WHAT DOES NOT CONSTITUTE.—A vendor of land was
    not estopped from suing the purchaser for the unpaid part of
    the purchase price by reason of having presented a claim to the
    receiver of a bank on which he had a check for such balance;
    such act constituting an effort to collect the money by presenting
    his check or claim to the proper authorities for payment.

Appeal from White Chancery Court; *J. E. Mar-tineau,* Chancellor; affirmed.

*John E. Miller* and *C. E. Yingling,* for appellant.

1. There was a consideration for the guaranty of appellee bank to the appellant in this: that he suffered detriment and expense on account of the telegram, and the bank retained the use of the money for more than ten days, and House obtained a direct benefit on account of the action of the bank, and the bank by its action in the matter hoped to make a customer of House. This comes within the rule establishing consideration, in Elliott on Contract, vol. 1, p. 337, § 207, and vol. 5, p. 9, § 3936.

The telegram constituted an unconditional promise to pay, and no notice or acceptance from appellant was required, but only his performance of the thing required, which was done. 111 Ark. 415; 71 Ark. 585; 105 Ark. 443; 144 Ark. 522; 187 S. W. 628; R. C. L. vol. 12 p. 1064, § 13.

Appellant should not be held to be estopped because he presented a claim on the cashier's check against the First National Bank, as the appellees are getting the direct benefit of the amounts so collected. This action brings appellant within the rule stated in 131 Ark. 82.

The act of the cashier in sending the telegram was not *ultra vires,* appellant having performed his part of

the contract had the right to presume that the telegram was sent upon proper authority. 96 Ark. 602; 74 Ark. 377; 91 Ark. 367; 96 Ark. 308.

2. The finding made by the chancellor that appellee House was liable is one of fact and should be sustained under the ruling in the following cases: 144 Ark. 573; 138 Ark. 454; 138 Ark. 403; 135 Ark. 607; 132 Ark. 95.

The First National Bank was the agent of House and not of appellant, and House is liable to appellant by reason of the failure of the bank to pay over the money to him. 55 So. 47; 34 L. R. A. (N. S.) 734.

*Brundidge & Neelly,* for appellee.

1. It was Rivers' duty, made so by statute, to have satisfied the mortgage, and it cannot be said that any advantage passed to either the bank or House by not doing so.

The telegram was not an absolute guaranty, but only an offer of guaranty. What else could be the meaning of the word "answer" in the telegram? There was no consideration whatever for the alleged guaranty. A showing of "consideration" is necessary before the bank would be liable. 111 Ark. 223; 20 Cyc. p. 1397 and pp. 1413 and 1417; 93 N. Y. 273; 45 Am. Rep. 209; 127 Mo. 327; 4 Ark. 76; 93 Fed. 171; 104 N. E. 346; 104 U. S. 159; 12 R. C. L. 1067, 1076; 15 A. & E. Am. Cas. 1166.

Appellant should be estopped by reason of his having filed a claim with the receiver of the First National Bank, thereby recognizing that bank as his agent, and further preventing House or the F. & M. Bank from filing a claim.

The act of the cashier in sending the telegram was not binding on the bank. 138 Ark. 124; 260 Pa. 223.

2. The First National Bank was recognized by Rivers as his agent, when he filed his claim with the receiver, and he should now be barred from bringing suit against House. 124 Ark. 536, and cases cited.

WOOD, J. One H. H. Capps was the agent of W. W. Rivers to sell for him certain lands near Judsonia, Arkansas. Capps negotiated for a sale of the lands to

W. L. House for a consideration of $3,600. Rivers ex-
ecuted a deed and sent same to Capps for delivery;
but this deed was not satisfactory in form, and, at the
suggestion of House, on March 29, 1920, Rivers mailed
a second deed to House 'in care of the First National
Bank at Judsonia. Rivers had received from House
through the First National Bank the sum of $600 as
part payment of the purchase money. Some time elapsed,
and Rivers began to urge in letters to that bank the
payment of the balance of the purchase money, or a
return of his deed. A letter of May 12, 1920, advised
the First National Bank to return the deed to Rivers
unless its client would take up same and pay balance of
purchase money in twenty-four hours. On May 15,
1920, the First National Bank wrote Rivers inclosing
cashier's check for $2,996, balance due on purchase,
and stating that House had been ill, and the payment
thus delayed. Rivers received the above letter and
cashier's check on May 17, 1920, and on the same day
he received from the Farmers & Merchants Bank of
Judsonia (hereafter called Farmers Bank) the follow-
ing telegram: "This bank guarantees payment three
thousand dollars for W. L. House on your deed upon
satisfaction of mortgage on lands—answer." The tele-
gram was the first information Rivers had that there
was a mortgage of record on the lands unsatisfied.
Rivers had mortgaged the lands to the Bank of Hatties-
burg, Mississippi, March 2, 1912. The mortgage was
settled that year, but the record had not been satisfied,
and River held the cashier's check pending orders from
the Hattiesburg Bank to satisfy the mortgage on the
record. Rivers did not deposit the cashier's check in
his home bank for collection until about ten days after
receiving it. The First National Bank, on which the
cashier's check was drawn, did not request Rivers to
withhold the deposit, and the check, he says, was not
deposited because of the telegram of the Farmers Bank.
Rivers sent a release—satisfaction—of the mortgage
for record, and at the same time sent the cashier's

check to the First National Bank. That bank, in the meantime, had become insolvent, and was in the hands of a receiver, so when the check was presented it was not paid.

This action was instituted by Rivers against House and the Farmers Bank to recover the balance of the purchase money. House defended on the ground that he had paid the balance of the purchase money. The Farmers Bank defended on the ground that the telegram sent by it to Rivers was without consideration, and furthermore was only an offer of guaranty which was never accepted. Both House and the Farmers Bank also defended on the ground that Rivers had presented a claim for the amount involved to the receiver of the First National Bank which estopped him from claiming against them. Such other facts as may be necessary will be stated as we proceed.

The court rendered a decree dismissing the complaint against the Farmers Bank for want of equity, and a decree in favor of Rivers against House for the sum of $1899.47, and declaring same a lien, etc. Rivers appealed, and House has taken a cross-appeal here.

1. The first question is: Was the appellee, Farmers Bank, liable on the telegram. The telegram was only an offer of guaranty. The appellee bank could not know until same was answered whether appellant was willing and able to satisfy the mortgage of record and whether the offer was accepted and would be relied on by him. The offer to guarantee payment by appellee bank was conditioned upon the satisfaction of the mortgage; and the request for an answer indicated that the appellee bank did not know whether the appellant would or could have such satisfaction entered of record.

In *Bishop* v. *Eaton*, 161 Mass. 496, it is held, quoting syllabus: "Ordinarily, there is no occasion to notify a guarantor of the acceptance of an offer of guaranty; for the doing of the act specified in the offer is a sufficient acceptance; but when the guarantor would not know of himself from the nature of the transaction

whether the offer had been accepted or not, he is not bound without reasonable notice of the acceptance seasonably given after the performance which constitutes the consideration." See also *Davis Sewing Machine Co. v. Richards,* 115 U. S. 524; *Davis v. Wells,* 104 U. S. 159; *Whiting v. Stacey,* 15 Gray 270.

The appellant never notified the appellee bank that he would satisfy the mortgage of record. The appellee bank requested the appellant to answer in effect whether or not the mortgage would be satisfied of record. The appellant did not answer, and therefore there was no acceptance, no meeting of minds, and no completed contract of guaranty upon which the appellee bank can be held liable. The decree of the chancery court dismissing the appellant's complaint against the Farmers Bank is correct.

2. It could serve no useful purpose, and it would unduly lengthen this opinion, to set out and discuss in detail the testimony bearing upon the issue of fact as to whether or not the First National Bank was the agent of House in the negotiations for the sale of this land by appellant and the purchase thereof by the appellee House. We are convinced that a preponderance of the testimony shows that the First National Bank was the agent of House and not the agent of appellant. The Farmers Bank paid the check which appellee House had drawn in favor of the First National Bank to pay appellant the balance of the purchase money, and the First National Bank received this money for appellee House. If it had honored its cashier's check, in doing so it would have been acting for the appellee House and not the appellant Rivers. See *Virginia-Carolina Chemical Co. v. Steen,* 55 So. 47 (Miss.), 34 L. R. A. (N. S.) 734. The First National Bank had in its hands the money of House which it was holding as his agent or representative, and not as the agent or representative of the appellant, and, as between appellant and appellee House, the neglect or failure of the First National Bank to pay the check and the resultant loss must fall on the ap-

pellee House, rather than on the appellant. The decree therefore in favor of the appellant against the appellee House is also correct.

The appellant is not estopped because he presented a claim to the receiver of the First National Bank for the balance of the purchase money due him. That act should be viewed in the light of an effort to collect his money by presenting the check or claim to the proper authorities to make payment of same. It was not an election by appellant to pursue the bank rather than House. It was to the interest of the appellee House that such claim be made. There is certainly nothing in this to prove that the appellant had recognized the First National Bank as his agent for the collection of the balance of the purchase money due him. The decree is in all things correct, and it is affirmed.