FARMERS' OIL & GAS COMPANY, Appellant, v. BETTS, County Treasurer, Respondent.

(208 N. W. 402.)

(File No. 5859.   Opinion filed April 16, 1926.)

1.   Payment—Checks.

Giving of check by county held not to constitute payment of warrants until check was paid by drawee, in view of Rev. Code 1919, Sec. 1891.

2.   Bills and Notes—That Holder of Check Did Not Deposit Same for Collection Until Second Day Following Delivery Held Not to Preclude Recovery Against Drawer on Failure of Drawee Bank, in Absence of Showing of Loss Caused by Delay.

That holder of check did not deposit same for collection until second day following delivery, and then not in bank on which drawn, which was located in same town, held not to preclude recovery on check as against drawer when drawee bank dishonored check and subsequently failed, where there was no showing that any loss was caused by delay in presenting check for payment.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Payment, Key-No. 22, 30 Cyc. 1207;   (2) Bills and notes, Key-No. 404(2), 8 C. J. Sec. 758.

On payments by check, see U. L. A., Vol. 5, pg. 411.

Appeal from Circuit Court, Davison County; HON. FRANK B. SMITH, Judge.

Mandamus by the Farmers' Oil & Gas Company against M. C. Betts, as County Treasurer of Davison County, S. D.   From

an order denying the writ, plaintiff appeals.    Reversed, with directions.

*Hitchcock & Sickel,* of Mitchell, for Appellant.

*F. W. Mitchell,* of Mitchell, for Respondent.

BURCH, C.    Plaintiff was the holder of county warrants, which were called by defendant, treasurer of Davison county. On presentation of the warrants for payment the treasurer issued a check upon funds in the First National Bank and delivered the check to plaintiff in the evening about 5 o'clock of the 11th of October, 1923.    On the 13th of October plaintiff deposited the check as a cash item with the Commercial Trust & Savings Bank. The Commercial Trust & Savings Bank presented the check for clearance to the First National Bank October 15th, and the check was refused payment.    The next day the First National Bank failed.    On the day of the failure, but after the closing of the bank, the treasurer was notified of the dishonor of the check and demand was made upon him for another check.    This being refused, this action is brought in mandamus to compel the county treasurer to issue another check in payment of the warrants.    All the transactions were in the city of Mitchell, S. D., and both banks and plaintiff have their principal place of business in that city.    On the trial of the case, the court found that plaintiff was negligent in presenting the check and denied the writ of mandamus.    The case is before us on appeal from the order denying the writ.

[1, 2]    The giving of the check did not constitute payment of the warrants.    Section 1891, R. C. 1919; Gay v. Sundquist, 175 N. W. 190, 42 S. D. 327.    At most it was only a conditional payment, depending upon the payment of the check by the drawee. If there was any delay in presenting the check,, the evidence does not disclose that any loss was caused thereby.    It is claimed that, if the check had been presented to the drawee on Friday or Saturday of the preceding week, it would have been paid, because the drawee paid all checks drawn on it during that week.    There is nothing in the record, however, to show the condition of the bank had changed on the Monday following when the check was presented.    It had not become insolvent in the meantime, nor had there been any material change in the amount of cash on hand. The bank was open for business in the usual manner, and merely

because the officers in charge had concluded to dishonor the check on Monday when they might not have done so on Saturday does not show damage by the delay. If damage resulted, it was from the wrongful refusal of the bank to honor the check, not from the delay.

The order of the circuit court is reversed, with direction to allow the writ.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.