MARLAND REFINING CO., Appellant, v. PENN SOO OIL CO., Respondent.

(222 N. W. 594.)

(File No. 6255. Opinion filed December 20, 1928.)

*Bielski & Elliott* and *P. H. McDowell,* all of Sioux Falls, for Appellant.

*Danforth & Barron,* of Sioux Falls, for Respondent.

POLLEY, J. Plaintiff, a corporation doing business at Ponca, Okl., made two sight drafts on defendant at Sioux Falls. To each

of said sight drafts was attached a bill of lading for a carload of gasoline. The sight drafts were made payable to the Sioux Falls Trust & Savings Bank, and were forwarded by plaintiff to said bank with instructions to collect the same from defendant, and, upon such collection, to deliver said bills of lading to defendant. Upon being notified, defendant went to said bank and paid said sight drafts by giving a check against his account in the said bank whereupon the bank stamped said drafts "paid" and delivered to defendant the said sight drafts, together with said bills of lading. At the time of the delivery of said check defendant had on deposit in said bank a sum of money in excess of the amount of said check.

Plaintiff and defendant had been doing business in the above manner over a period of several years. At some time prior to the above transaction, plaintiff had made sight drafts upon, and sent bills of lading to, defendant through banks other than the Sioux Falls Trust & Savings Bank, and defendant had requested plaintiff to transact such business through the said Sioux Falls Trust & Savings Bank.

The above transaction took place on the 14th day of January, 1924, and at the close of business for that day, the superintendent of banks, deeming said bank insolvent, took possession, and ever since has been in possession, thereof. The amount of money named in the said check was not transmitted by said bank to plaintiff, nor had said amount been charged against defendant's account in the bank when the superintendent took possession thereof. After the superintendent of banks took possession of said bank, he found the said check among the effects of the bank and forwarded it to plaintiff, but the same, nor no part thereof, has ever been paid.

Owing to a run that was made on the banks of Sioux Falls, the Sioux Falls Trust & Savings Bank was not, on the 14th day of January, 1924, permitting withdrawals in excess of from $5 to $25, but it was open for business all day and honored all checks that were issued in commercial transactions. Defendant had no knowledge of the insolvency of the bank when it took up the said sight drafts on the morning of the 14th, and there was sufficient cash on hand in the bank when the superintendent took possession thereof to have paid defendant's check.

Upon the foregoing facts the court made the following conclusions of law:

"First: That the plaintiff by transmitting its sight drafts and bills of lading to the Sioux Falls Trust & Savings Bank with instructions not to deliver bills of lading until payment of sight drafts, constituted and made the Sioux Falls Trust & Savings Bank its agent.

"Second: That the acceptance of the check of the defendant in payment of said sight drafts, and stamping the same paid and the delivery of the bills of lading, under the circumstances as set forth in the findings of fact, constituted actual payment by the defendant of said sight drafts and constituted full payment for the cars of gasoline as set forth in the stipulated facts and findings of fact herein."

Judgment was entered accordingly, and plaintiff appeals.

■■■ Appellant challenges both of the foregoing conclusions of law, and contends, first, that because respondent had requested appellant to draw its sight drafts through the Sioux Falls Trust & Savings Bank, said bank became and was the agent of plaintiff. In support of this contention appellant cites and relies upon Virginia-Carolina Chem. Co. v. Steen, 99 Miss. 504, 55 So. 47, 34 L. R. A. (N. S.) 734; Rivers v. House, 150 Ark. 452, 234 S. W. 641; Sutherland v. Bank, 31 Mich. 230; Smith v. Mills, 112 Or. 496, 230 P. 350. While in some respects analogous, these cases are not decisive, and none of them involves a sight draft. The rule is universal, at least we know of no voice to the contrary, that when a sight draft is drawn the drawer makes the payee the agent of the drawer for the purpose of collecting and remitting the proceeds of the sight draft. The mere fact that the respondent requested appellant to draw through the Sioux Falls Trust & Savings Bank did not make that bank the agent of respondent. It was merely a request that appellant make that bank its agent for the purpose of collecting the sight drafts and delivering the bills of lading. The request did not make it obligatory upon appellant to select that bank as its agent, although it may have been done for respondent's convenience. When the request was made does not appear from the record but the record does show that appellant and respondent had been transacting business in the above manner for several years, and the request may have been made one, two, or more years prior to the transaction involved in this case.

 But it is the contention of appellant that, even though the Sioux Falls Trust & Savings Bank was its agent, the mere passing over the bank counter of respondent's check and the surrender of the bills of lading, together with the sight drafts marked "paid," did not constitute payment of the debt. But appellant is clearly in error in this contention. By giving the check to appellant's accredited agent, so much of respondent's money on deposit in the bank as was necessary to pay the check was segregated from his account and was in the possession of appellant through his said agent. In this case there was an agreement clearly implied that the giving of the check should be payment. Respondent had sufficient funds on deposit to pay the check, and the bank had sufficient funds on hand to pay it. It was the bank's duty to have charged the amount of the check to respondent's account and to have remitted the same to the appellant, but its failure to do so was not the fault of respondent, but of the bank who was acting as agent for appellant. Pollak Bros. v. Niall-Herin Co., 137 Ga. 23, 72 S. E. 415, 35 L. R. A. (N. S.) 13. This question was recently considered by the Supreme Court of Iowa in a case very similar to this. In that case it was held to be the settled law that by the payment of a sight draft to the drawee thereof with the check of the debtor, where the debtor had sufficient funds on deposit to meet the check and the drawee bank has sufficient funds on hand to pay it, the debt is paid. Wells Oil Co v. Marcus Oil & Supply Co. (Iowa) 221 N. W. 547. And this is true, even though the check is not canceled or charged against the debtor's account until after the drawee bank has closed its doors and been taken over by the superintendent of banks. Andrew v. State Bank of Dexter, 204 Iowa, 565, 215 N. W. 742.

The judgment and order appealed from are affirmed.

BURCH, P. J., and SHERWOOD, CAMPBELL, and BROWN, JJ., concur.