STATE ex rel BOLLINGER, School Dist. Treas., v. SOLOMON-SON, County Treas., Appellant.

(245 N. W. 256.)

(File No. 7368. Opinion filed November 18, 1932.)

*H. E. Mundt,* State's Attorney, of Mound City, for Appellant.
*Morrison & Skaug,* of Mobridge, for Respondent.

ROBERTS, J.   This proceeding was instituted by the treasurer of a common school district in Campbell county to compel the treasurer of that county by writ of mandamus to pay to the petitioner certain taxes collected for the district.   The agreed statement of facts shows that the county auditor of Campbell county issued to the petitioner an order for the sum of $800 on the county treasurer for taxes collected.   The order was deposited by the school treasurer in the First National Bank of Pollock, S. D., to the

account of the district. The First National Bank of Pollock in the usual course of business transmitted the order for collection and credit to its correspondent, the First National Bank of Minneapolis, Minn., and this bank in turn sent it to the Mound City Bank of Mound City, S. D., for collection. The latter bank presented the order with other items to the defendant treasurer and received a check signed by the defendant as county treasurer in payment of the items on the Mound City Bank for $1,318.38. This transaction was on December 2, 1930, and on the same day the Mound City Bank canceled and marked the check "paid," charged the amount to the account of Campbell county, drew and forwarded a draft in the sum of $855.77 on the Northwestern National Bank of Minneapolis, Minn., in payment of the order and another item transmitted for collection. The Mound City Bank suspended business on December 3, 1930, and the drawee bank refused to make payment of the draft. The Mound City Bank, on the day that it presented to the county treasurer the order for collection and received the check, was insolvent, but the county treasurer had no knowledge of this fact. The county had to the credit of its deposit account against which the check was drawn more than $10,000, but the bank did not have funds on hand to the amount of the check issued by the county treasurer. Its funds, however, were slightly in excess of petitioner's claim. The trial court adopted the stipulated facts as its findings, concluded therefrom that writ of mandamus should issue, and entered judgment accordingly.

The defendant contends that the check was received by the Mound City Bank as the agent of the petitioner, and in support of his contention cites the case of Jensen v. First National Bank, 51 S. D. 325, 213 N. W. 854, wherein this court held that, where a check was deposited for collection, the bank to which it was transmitted became the agent of the owner and directly responsible to him. Petitioner on the other hand urges that, within the rule announced in Scheafer v. McFarland, 49 S. D. 605, 207 N. W. 982, and Eggleston v. Plowman, 49 S. D. 609, 207 N. W. 981, 44 A. L. R. 1231, the risks incident to collection of commercial paper cannot be imposed upon a school district, and for this reason the county has not been relieved from the obligation to make payment of the amount of the order. In these cases it was held that taxes are not paid as between a taxpayer and a county until the money

therefor actually comes into the possession and control of the county treasurer. There is no authority for the payment of taxes by check or draft, and any attempt at payment by check or draft is not a payment until the actual money is realized upon the check.

The disbursement of money arising from taxation, belonging to school districts, is made by the county treasurer on orders of the county auditor. Section 6770, Rev. Code 1919. All funds collected by the county treasurer are required to be deposited in designated depositories, and are subject to payment on the check of the county treasurer, countersigned by the auditor. Section 6888, Rev. Code 1919, as amended by chapter 98, Laws of 1929.

■■ The instant case is clearly distinguishable from the cases cited by the petitioner. A county treasurer is without authority to accept checks in his official capacity for the purpose of paying taxes, and persons delivering checks to such officer are charged with knowledge that the acceptance of checks does not constitute payment until the money actually comes into his possession. Persons dealing with him are bound to know the law pertaining to his powers and duties. The order, however, issued to the petitioner, and the check drawn against a deposit account in a county depository, are mediums expressly recognized by statute to effect payment of revenues collected for and belonging to a school district. The petitioner could have presented the order in person to the county treasurer, procured a check on a county depository, and demanded payment in cash from the depository. His failure to pursue such course is not attributable to the county treasurer, and the petitioner, having caused the order to be deposited for collection in the usual and ordinary course of business, will not be heard to say that he had no authority to designate an agent or agents for the collection of the order.

■■ The giving of a check in the absence of an agreement between the parties does not constitute payment; it is conditional payment only, dependent upon actual payment by the drawee. Farmers' Oil & Gas Co. v. Betts, 50 S. D. 78, 208 N. W. 402. The Mound City Bank became the agent of the debtor, one of its depositors. This presents a situation where the bank must be deemed to have acted in a dual capacity; it was the agent of both parties in a transaction where it was intended that the bank would receive payment for the creditor and make payment for the debtor.

It becomes necessary, therefore, to consider from the record before us whether payment was actually made. This court has expressed the view that, when a bank authorized to make a collection receives and accepts a check drawn upon itself, such check is payment if the drawer of the check has credit with the bank to the extent of the check and if, as a matter of fact, there is money in the bank to pay the check. Marland Refining Co. v. Penn Soo Oil Co., 54 S. D. 10, 222 N. W. 594; Green v. Schmitt, 57 S. D. 1, 230 N. W. 233; see also 18 A. L. R. 537 and 65 A. L. R. 1151.

The inference is that a bank open and doing business can and will honor lawful demands against it upon presentation. Such inference, however, is rebuttable. Green v. Schmitt, supra; Steinmetz v. Schultz, 59 S. D. 603, 241 N. W. 734. It appears from the findings that the Mound City Bank at the close of business on the day the bank received the check from the county treasurer had funds on hand amounting to $814.33, and a slightly larger amount at the close of business on the preceding day. There is no definite finding that the bank did not at any time after the issuance of the check have funds sufficient to honor the check. But, assuming that it may be inferred from the record that the collecting bank never had the amount of the check in cash after its issuance, we nevertheless are of the view that the inference that the bank could honor the particular demand has not been rebutted. The check was made payable to the bank. It included the item of $800, here involved, transmitted for collection, and the balance may have represented an indebtedness of the county to the bank. It does not appear that the amount in excess of $800 was a collection item to which the bank had no title. The acceptance of a check to pay the claim of a bank upon which it is drawn constitutes payment if the drawer has credit to the extent of the check although the bank does not have funds to the amount of the check, and we cannot say that there were insufficient funds to honor the check issued by the county treasurer.

The judgment appealed from is reversed.

All the Judges concur.