CLARA McMULLEN *vs.* PEOPLE'S SAVINGS & LOAN ASS'N.

Argued April 12, 1894.    Affirmed April 14, 1894.

No. 8781.

**Contract by correspondence construed.**

*Held*, construing the correspondence between the parties, that in receiving from defendant money due plaintiff, and remitting her a draft for the amount, a certain bank was the agent of defendant.

Appeal by defendant, People's Savings and Loan Association of Minneapolis, from an order of the District Court of Hennepin County, *Henry G. Hicks*, J., made January 6, 1894, denying its motion for a new trial.    The case is stated in the opinion of the court.

*F. B. Hart*, for appellant, cited *First Nat. Bank* v. *Free*, 67 Ia. 11; *St. Paul Nat. Bank* v. *Cannon*, 46 Minn. 95; *Lowery* v. *Western Union Tel. Co.*, 60 N. Y. 198; *Jung* v. *Second Ward Sav. Bank*, 55 Wis. 364.

*Wilson & Van Derlip*, for respondent.

MITCHELL, J.    Plaintiff was the owner of three shares of stock in the defendant corporation, which she had a right, under its charter and by-laws, to retire at their then cash value by giving sixty days' notice of such intention.    The plaintiff resided in Rochester, N. Y., and the defendant's place of business was in Minneapolis. On February 17th the plaintiff had given defendant notice of her intention to exercise this right to retire her stock.    On April 21st, on the expiration of the sixty days, defendant wrote to plaintiff as follows:

"I herewith inclose three vouchers for you to execute.    Please date and sign the same.  *  *  *  Also assign your certificates of stock on the back to the People's Savings & Loan Association, and return both certificates and vouchers to the Farmers' & Merchants' State Bank of this city, when the amount due you will be promptly paid."

On the receipt of this letter, the plaintiff executed the papers

as directed, and sent them in a letter, addressed to this bank, saying:

"I this day mail you three vouchers for withdrawal of stock now with the People's Savings & Loan Association; also certificates of the same, which I am authorized by them to deliver to you. Will you please cash their value, and send same to me at your earliest convenience, and retain four dollars to be paid the said association for withdrawal fee."

The bank, on receipt of the papers, presented and surrendered them to the defendant, and received from it the surrender value of the stock in money. Two days afterwards the bank remitted by mail to plaintiff at Rochester its draft on New York for the amount. Plaintiff received this draft by due course of mail, and deposited it with her home bank for collection, but before it was presented for payment the Farmers' & Merchants' State Bank failed, and consequently the draft was dishonored.

The plaintiff brings this action to recover the surrender value of her stock, claiming that the bank was acting as defendant's agent; while, on the other hand, the defendant's contention is that in receiving and transmitting the money the bank was plaintiff's agent. The case turns entirely upon this question.

While it is true that the money was payable at defendant's office on presentation and surrender of the necessary vouchers, and that defendant was not bound to do anything until a demand was made at that place, yet it was competent for the defendant to waive this, and to propose a different method and place of payment; and while defendant, in doing what it did, might have been actuated by considerations of convenience to the plaintiff, yet we think the fair import of its letter to plaintiff was that, if she would send the papers to the bank, defendant would pay the money to her. It is probably fairly inferable that it contemplated making this payment through the medium of the bank (and this is as the plaintiff evidently understood it), but in doing so the bank would be the agent of the defendant. There is nothing in plaintiff's letter to the bank inconsistent with this idea, or indicating any intention on her part to appoint it her agent for the purpose of collecting or transmitting her money. All there is to it is that plaintiff, as

suming that the defendant proposed to use the bank as its medium for the payment of the money, requested it to transmit it at its earliest convenience.

Order affirmed.

BUCK, J., absent, took no part.

(Opinion published 58 N. W. 820.)