FAIR *v.* BOWEN.

Principal and Agent—Authority—Payment on Mortgage.

Complainant held a mortgage on land owned by defendant. One H., who had previously made remittances for defendant, wrote complainant that defendant wished to sell a part of the land, and would pay a specified sum for its release from the mortgage; and that, if complainant would send a release, he (H.) would turn it over to defendant on payment of the amount stated. Complainant forwarded the release, which H. delivered on receipt of the amount agreed on, but failed to remit the money to complainant. Defendant, on learning of H.'s default, did not notify complainant of the facts, H. importuning him not to do so. *Held*, in a suit to foreclose the mortgage, that H. was the agent of defendant rather than complainant.

Appeal from Manistee; McMahon, J. Submitted April 2, 1901. Decided July 10, 1901.

Bill by Campbell Fair against John D. Bowen, Arthur D. Bowen, and others to foreclose a mortgage. From a decree for complainant, defendant John D. Bowen appeals. Affirmed.

*Stuart & Barker,* for complainant.

*McAlvay & Grant,* for appellant.

Montgomery, C. J. This is one of those unfortunate cases in which one of two innocent parties is compelled to suffer through the default of a third party. The complainant held a mortgage upon land in Manistee county, given by defendant John D. Bowen, the land covered having been conveyed to Arthur D. Bowen after the execution of the mortgage. In March, 1894, a release of a part of the mortgaged premises was sent to one Leo F. Hale, and, upon Arthur D. Bowen turning over to him certificates of deposit amounting to something over $800,

with the understanding that $644 of this sum was to be received as payment on the mortgage, and forwarded to complainant's agents at Grand Rapids, the release of a part of the mortgaged premises was delivered, and a sale made to one Frederickson of the land described in the release. The only question in the case is whether, in receiving these certificates of deposit, Hale acted as the agent of complainant or represented Bowen. The circuit judge was of the opinion that Hale represented defendants Bowen, and, on a full examination of the record, we agree with this conclusion.

It appears that, in previous correspondence relative to the interest accruing upon this mortgage, Mr. Hale had written to Scribner Bros., the agents of complainant, and had made remittances of interest and on the principal at different times. On the 16th of February, 1894, Mr. Hale wrote to Scribner Bros., stating that Mr. Bowen had a chance to sell 80 acres of the land, and desired to get a release of that 80, saying, " I believe I can get him to pay $400 and the interest on the $400 from maturity of last interest until paid;" and stating that, "If that is satisfactory, you may procure a release, and send to me, and I will turn over to Bowen on payment of amount." To this Mr. Scribner replied, stating, in substance, that he had presented the request to his client, who desired to know further in regard to the property, and requested him ( Scribner ) to have Mr. Bowen give a description of the two parcels, stating improvements, etc., and adding: "From your letter, I advised the doctor to execute the release, and I think he will yet. Can you not have Bowen raise the $400 a little ? "

We are satisfied, from an examination of the record, that this letter of Hale to Scribner was written at the special instance of Mr. Bowen; and, while Mr. Bowen undertakes to say that he supposed Mr. Hale was a representative of complainant, we think the whole course of dealing is inconsistent with this claim. The only ground for saying that Hale was the agent of complainant is that

the release was subsequently sent to him before the receipt of the money. But, as stated by the circuit judge, Hale was a mere instrumentality through which Bowen was to pay the money to complainant, and it seems to have been understood by all concerned that Hale had undertaken to do the business for Bowen, and his undertaking to remit the money was an undertaking for and in behalf of Bowen. If there were doubt about this conclusion, the subsequent course of the Bowens and Hale goes far to confirm the claim of complainant. After the Bowens ascertained that Hale had not remitted the money as directed, and after receiving letters from complainant or his agents asking payment, they continued to pay interest upon the full amount, —or, at least, John D. Bowen did,—and concealed from complainant the fact of Hale's embezzlement. Counsel for appellant say that in this regard the conduct of John D. Bowen is not chargeable to the defendant Arthur D. Bowen, to whom the premises had been sold. But Arthur D. Bowen testified that he never notified complainant of the payment which he now claims to have made to Hale as complainant's agent, and, when asked to state why he failed to do so, stated that it was at the request of Mr. Hale, who urged that, if complainant was notified of the situation, they would make him trouble. It seems incredible that the defendant, if he had in fact paid $500 and interest, should have remained silent while payment was being demanded upon the mortgage. A more consistent view is that he at that time understood that the loss was his own, and that it was an afterthought to make the claim that Hale was acting as the agent of complainant.

The decree of the court below will be affirmed.

The other Justices concurred.