WILLIAM F. BELK, APPELLANT, v. CAPITAL FIRE INSUR-
ANCE COMPANY, APPELLEE.

FILED SEPTEMBER 22, 1916. No. 18945.

Bills and Notes: PAYMENT. When a banker has in his hands a special
deposit of money, the property of the maker of a promissory note,
sufficient to pay the note, and also holds the note for collection,
and upon demanding payment of the maker is directed to take the
requisite amount out of the special deposit, and thereupon he says·
to the maker of the note, "Your note is paid," and thereafter
holds it subject to the order of the maker until it is finally delivered
to him, payment will be held to have been made at the date of the
conversation.

APPEAL from the district court for Lancaster county:
ALBERT J. CORNISH, JUDGE, *Reversed.*

*L. C. Burr* and *R. J. Greene,* for appellant.

*George E. Hager, contra.*

MORRISSEY, C. J.

From a judgment directing a verdict in favor of de-
fendant, plaintiff has appealed. Plaintiff insured his
threshing machine, against loss by fire, with the defend-
ant, giving his note in payment of the premium. The
policy provided that, if the note was not paid when due,
the policy should lapse and liability thereunder cease so
long as the note remained unpaid. The note was made
payable August 1, 1913, at the office of the company in
Lincoln, Nebraska, but on the margin is found a notation
directing that it be sent to the State Bank at Grafton for
collection. Some time prior to the maturity of the note
it was sent to the Grafton State Bank for collection.
August 4, 1913, while the note was still in the possession
of the Grafton State Bank, the property insured was
totally destroyed by fire. Defendant refused payment,

claiming that the note was past due and unpaid.  Plaintiff testified that prior to the maturity of the note the banker at Grafton called plaintiff on the telephone and informed him that he had this note for collection.  At that time there was in the hands of the banker money belonging to the plaintiff.  This money was not on general deposit, and plaintiff was not carrying a bank account in the bank, but parties for whom plaintiff had done threshing had left the money at the bank for delivery to the plaintiff.  When plaintiff was notified by the cashier that he held the note for collection, he directed the cashier to pay the note out of his money which was then in the cashier's hands.  The cashier then said, "All right. Your note is paid."  Continuing the conversation, the cashier asked plaintiff what he should do with the note. Plaintiff directed him to hold the note at the bank until such time as he would call for it.  The cashier testified that he does not remember the conversation, but he does not deny it, and in the state of the record we must assume that it took place as testified by plaintiff.

Assuming then that this is true, we have this situation. The bank is holding money belonging to plaintiff.  This money is not deposited and mixed with the funds of the bank, but the bank is acting as bailee.  The bank is the agent of the defendant in the collection of this note. Plaintiff authorizes the bank to take an amount sufficient to pay the note out of his money.  The banker says: "Your note is paid.  Shall I mail it to you or will you call and get it?"—and thereafter holds the note subject to the order and directions of the plaintiff.  While the note was thus held, but before the banker had remitted the money to his principal, the property was destroyed. After the fire plaintiff called at the bank, asked for his note, and it was delivered without the payment of any money, or the giving of a check.  For the purpose of collecting this note the banker was the agent of the defendant.  He had in his hands the money of the plaintiff.

He was directed to apply this money on the note. This he agreed to do, in fact he did do when he said the note was paid, and thereafter held it subject to the order of the plaintiff. It will not be disputed that, if plaintiff had called at the bank and demanded and received his money and then had passed that money back again to the banker with directions to apply it on his note, that would have constituted payment. Under the circumstances this would be a useless piece of business. The case differs from one where the agent is indebted to the maker of the note and undertakes to pay the note in payment of his own debt. The bank was not indebted to plaintiff, but it was the bailee of his money. It was also the agent of the payee of the note. It acquiesced in his direction to pay the note, told him that it was paid, held the note subject to his order, and finally delivered it upon demand. In this state of the record, it would appear that the note was paid on the date this telephone conversation was had, which, being before the destruction of the property, would entitle plaintiff to recover. What is said here is not intended to conclude the court on another trial as to whether this conversation and agreement actually took place. We are merely assuming this from the record that stands before us. It is a matter to be submitted to a jury, and for this reason the case is

REVERSED AND REMANDED.

SEDGWICK, J., not sitting.