### WAGNER v. SPAETH, et al*
(No. 1274; March 24, 1927; 254 Pac. 123.)

Banks and Banking — Agency — Evidence — Bank as Agent of Mortgagor and Mortgagee—Liability for Collection of Mortgage—Mortgages—Insolvency of Collecting Agent.

1.  Bank to which plaintiff sent note and mortgage for collection and remittance *held* agent of plaintiff, though papers were sent at request of bank acting as mortgagor's agent, notwithstanding plaintiff's testimony that papers were sent for ''remittance'' only, since papers sent for ''remittance'' are also sent for collection, since money could not be remitted until collected.

2.  Court knows it is common practice for bank to be agent for both mortgagor and mortgagee, where note and mortgage are sent to bank by mortgagee, to be delivered to mortgagor on payment of amount due from funds already in possession of bank as agent of mortgagor.

3.  Where bank held money as agent of mortgagor, and notes and mortgage for collection and remittance as agent of mortgagee, there must be some act of application of money on debt before it passes to bank as agent of plaintiff.

4. Bank, as mortgagee's agent, *held* to have collected money for mortgagee, where it issued check on itself to mortgagee charged to mortgagor's account, and mortgagee was liable for loss due to bank's failure before check was honored.

5. Where bank closed before cashier's check sent to mortgagee in payment of mortgage was presented for payment, burden is on mortgagee to show that mortgagor's check to bank could not have been paid for want of funds.

6. Where bank closed before cashier's check, sent to mortgagee in payment of mortgage, was presented for payment, burden is on mortgagee to show that mortgagor had knowledge of bank's insolvency at time of presentation of its check to bank.

*See Headnotes:   (1) 7 CJ p. 598 n. 33; p. 601 n. 47.   (2) 23 |CJ p. 65 n. 10.   (3) 7 CJ p. 615 n. 61.   (4–6) 7 CJ p. 615 n. 61; 41 CJ p. 817 n. 80.

APPEAL from District Court, Goshen County; CYRUS O. BROWN, Judge.

Action by John P. Wagner against Agnes Spaeth and others. Judgment for plaintiff, and defendants appeal.

*Osmer E. Smith,* and *Kinkead, Ellery & Henderson,* for appellants.

A draft, acceptance, order or promissory note is not payment or extinguishment of debt, in the absence of an agreement; 30 Cyc. 1194; National Life Insurance Co. v. Mc Dermott, 186 Ill. App. 157; Kirkpatrick v. Puryear, (Tenn.) 24 S. W. 1130; Fidelity Co. v. R. R. Co., (Va.) 9 S. E. 759; Morris v. Harveys, 75 Va. 726. The De Moulin Company accepted the cashier's check in full payment and delivered up every evidence of their security; Underwriters Wrecking Co. v. Board of Underwriters, 35 La. 803. Having elected the mode of payment, it cannot thereafter be repudiated; Byles on Bills, 389; Bancroft on Commercial Paper, Sec. 1551; Day v. Thompson, 65 Ala. 273; Schaffer v. Olson, 139 N. W. 983; 43 L. R. A.

(N. S.) 762. Where a bank fails, after paper has been paid, loss falls upon the owner of the paper and not upon the maker; 7 C. J. 627; Minnesota Co. v. State Bank, (N. D.) 158 N. W. 1063; Planters Co. v. Armour Packing Co., (Miss.) 69 So. 293. One cannot deny that a note, taken by him for a debt due him, is not in payment and discharge thereof, without an offer to surrender the note; Mfg. Co. v. Co., 59 Ill. App. 573; 30 Cyc. 1221. An exception has been made to the rule that a check does not operate as payment where a bank holds a claim for collection and accepts a check drawn on itself; Scott v. Gilkey, 153 Ill. 168. Acceptance of a check, by a bank on which it is drawn, charging the drawer with the amount thereof and placing the proceeds to the credit of the payee, creates between the bank and the payee the relation of debtor and creditor; Bank v. Gibboney (Ind. App.) 87 N. E. 1064; Board v. Robinson, (Minn.) 84 N. W. 105. Where a check is received in payment of a note, and the note cancelled and surrendered, the transaction amounts to a payment of the note; Arnot v. Bingham, 29 N. Y. S. 68. Where a bank receives paper for collection, the bank is the agent of the payee or holder; 3 R. C. L. 269; 7 C. J. 597; Ingalls v. Fiske, 34 Mo. 232; Osborn & Co. v. Baird, 45 Wis. 189. Where paper is sent to a bank for collection, at the request of the obligor, the bank is the agent of the owner of the paper in making collection; Schafer v. Olson, Supra. Wyoming State Bank was the agent of the payee to remit; Bank v. Free, 24 N. W. 566. The bank does not become agent for the maker unless it applies the money on the note; Morse on Banks & Banking, 5th Ed. Vol. 1, Sec. 214, P. 448. If the debtor pays to the bank the amount due on his note, and takes it up, he is fully absolved; Morse, 5th Ed. Vol. 1, Sec. 214, Pages 446, 447.

*Harold I. Bacheller* and *E. Paul Bacheller,* for respondent.

The general rule, as to the liability of a bank as the collection agent, is stated in 2 C. J. 624; Stockton v. Fortune, (Ill.) 55 N. E. 367; Bautz v. Adams, (Wis.) 111 N. W. 69; Bartel v. Brown, (Wis.) 80 N. W. 801. Possession of the paper, or convincing evidence aliunde of express authority, is indispensable to warrant a finding that a bank has authority to receive payment; Smith v. Kidd, 68 N. Y. 130. Where "C" was applied to for a loan on certain property, with authority to pay off certain liens including a mortgage thereon, and the mortgagee did not know that a loan had been negotiated for such purpose and had not authorized "C" to hold the money for him, "C" is the agent of the mortgagor and the mortgage is not satisfied until actually paid to the mortgagee; Security Co. v. Graybeal, (Ia.) 52 N. W. 497; U. S. Bank v. Burson, (Ia.) 57 N. W. 705. A debtor, who pays his obligation without precaution to find that the party to whom he pays holds the obligation, does so at his peril; Koen v. Miller, (Ark.) 150 S. W. 411; Ilgenfritz v. Mutual Benefit Life, 81 Fed. 27. A mortgagor, with knowledge that mortgage had been assigned and that the original mortgagee was endorser of notes secured, and the original mortgagee did not have possession thereof, the mere fact that he had received former payments and had transmitted the proceeds to the assignee, did not make him agent of the assignee to receive payments; Guaranty Securities Co. v. Brown, (Tex.) 254 S. W. 240. Authority to collect interest does not infer authority to collect principal; unless agent has possession of securities; Calhoun v. Ainsworth, (Ark.) 176 S. W. 316; Wiesner v. Kosiedowski, (Wis.) 193 N. W. 374. The remittance by the State Bank made to respondent was the remittance of appellants and, in the absence of proof that the cashier's check tendered in payment of respondent's loan was accepted by it in payment, the presumption is that it was a conditional payment and

would be effective to retire the loan only in the event that it was paid upon presentation; 30 Cyc. 1194; Lusk Co. v. Giinther, 32 Wyo. 294; 21 R. C. L. 60; 18 A. L. R. 532.

KIMBALL, Justice.

This is an action to foreclose a real estate mortgage to secure a note for $1200. The plaintiff claimed to be the holder of the secured note and the assignee of the mortgage. Defendant Agnes Spaeth, who on her purchase of the mortgaged property had agreed to pay the mortgage, will be called the mortgagor. The First Colorado-Wyoming Joint Stock Land Bank, another defendant, will be called the "land bank." The defendants claimed that the debt secured by the mortgage had been paid and the mortgage released. The district court gave judgment for the plaintiff, and the defendants appeal.

There is hardly any dispute about the facts. The note and mortgage were given to De Moulin Loan and Investment Company of Hot Springs, South Dakota (herein called the "De Moulin company"), and afterwards assigned by that company to the plaintiff who lives at Dubuque, Iowa. After the assignment, the De Moulin company continued to look after all matters pertaining to the loan, including all collections of interest and principal. The agency of the De Moulin company for plaintiff is unquestioned.

The debt became due in September, 1922. About that time, as appears from correspondence between the De Moulin company and the mortgagor, demands for payment were met by the mortgagor's promises that she would pay if she were successful in obtaining a loan for which she had applied to the land bank. Her lands were then encumbered by several other mortgages in addition to the one held by plaintiff. To pay all the mortgages would require about $7000, and that was the amount of the loan for which she had made application to the land bank.

Her application was approved, and in December, 1922, to secure the money loaned, she executed and delivered to the land bank a mortgage on the lands that had been previously mortgaged to plaintiff's assignor. The land bank did not then pay over the money, but retained it for the purpose of paying prior mortgages including the plaintiff's. The Wyoming State Bank of Lusk, in the county where the mortgagor lived and where the lands were situated, undertook at the request of the land bank the task of paying off the prior mortgages and procuring releases. The Wyoming State Bank hereafter will be called the "state bank." The amount of the loan was sent by the land bank to the state bank on January 30, 1923, by a check payable to "Agnes Spaeth and Wyoming State Bank." This check on its receipt by the state bank was endorsed, "Passed to the credit of Agnes Spaeth," (signed) "Wyoming State Bank by Jno W. Newall, Pres.," and was paid February 3, by the bank on which it was drawn. The money thus collected by the state bank was not at once "passed to the credit" of the mortgagor, for it was intended that she should receive only the amount left after paying the prior mortgages.

The secretary of the De Moulin company testified that in the early part of February his company received from the state bank a letter stating in substance that the bank had the money to pay the plaintiff's mortgage, and if the De Moulin company would send on the papers the bank would remit. In response to that letter, the papers which included the note, the mortgage and a release properly executed by plaintiff, were sent by the De Moulin company to the state bank with a letter giving a statement of the amount due, and asking the bank to remit. These letters exchanged between the state bank and the De Moulin company were not produced at the trial. The plaintiff, claiming that they could not be found, was permitted to prove their contents by the testimony of the secretary of the De Moulin company. The letter enclosing

the note, mortgage and release was received by the state bank about February 9. On February 27 the mortgagor came to the state bank which then credited her account with the amount previously received from the land bank. She immediately gave the state bank a check on itself for the amount due plaintiff. The state bank then delivered to her the note and mortgage, and on the same day charged the check against her account and issued and mailed to the De Moulin company a cashier's check for the amount. The release of mortgage was sent by the state bank to the county clerk for record. The cashier's check was received by the De Moulin company in due course of mail, but was never paid, as the state bank failed to open for business March 1, and thereafter passed into the hands of a receiver.

There is nothing in the record to suggest that either the De Moulin company, the mortgagor or the land bank has been negligent in trusting the state bank. None of the parties had any reason to suspect that the state bank was likely to fail. No fraud is charged. We have the unpleasant duty of deciding who of two innocent parties shall suffer by the default of an agent.

We shall first inquire whether the state bank was the agent of the plaintiff to receive payment of the mortgage debt. It is the unquestioned general rule that a bank to which a note or other similar written obligation is sent for collection and remittance becomes the agent of the owner or holder to receive payment. Foster v. Rincker, 4 Wyo. 484; 35 P. 470; Morse on Banks, (5th ed.) Sec. 214; Jones on Mortgages (7th ed.) Sec. 964. In Mechem on Agency (2nd ed. Sec. 943) it is said:

"Where the principal confides to an agent for delivery securities upon whose delivery money is to be loaned or paid to or for the principal, the agent, in the absence of anything to indicate a contrary intention, would have implied power to receive the money and payment to him

would be effective even though through his subsequent default the money never came to the hands of the principal.''

The secretary of the De Moulin company testified that the mortgage papers were not sent to the bank for ''collection and remittance,'' but for ''remittance'' only. This was a mere conclusion of the witness. The money could not be remitted until it was collected. The De Moulin company had known for some time that the mortgagor was trying to obtain a new loan to pay the plaintiff's mortgage. When it received notice that the state bank had the money to pay the mortgage debt, it must have known that the bank was holding the money for the new mortgagee or for the mortgagor, or for both, and that the money would be applied to the payment of the debt when the note and release of mortgage were delivered. And that was the true situation. At first, the state bank was the agent of the new mortgagee, and, perhaps, the agent or sub-agent of the mortgagor, to pay the prior mortgages. It then received plaintiff's note, mortgage and release with authority to receive payment and deliver the papers as agent for the plaintiff. Whatever may be said of the advisability of such a custom, we know that it is a common practice for a bank thus to become the agent for both parties in a transaction where it is contemplated that the written evidence of the debt, or the acquittance, shall be delivered on the payment of the amount due from funds already in the possession of the bank as agent for the debtor. The bank is the agent of the debtor to make payment, and of the creditor to receive payment and to discharge the debt by delivering the written obligation or receipt. In 2 C. J. 448, Sec. 47, after stating the general rule that a person may not be the agent for both the contracting parties at the same time, it is said:

"But often the agent of one party to a transaction is appointed by the adverse party as his agent for certain purposes, and each party will then stand in the relation of principal to the agent as to the matters by him intrusted to the agent, and as to those alone."

The following cases illustrate the application of the foregoing principle to cases, like the one at bar, where the bank has paper for collection and also has funds of the debtor. Adams v. Hackensack Imp. Com., 44 N. J. L. 683, 43 Am. Rep. 406; British & American Mtg. Co. v. Tibbals, 63 Ia. 468, 19 N. W. 319; Peaslee & Gaulbert Co. v. Dixon, 172 N. C. 411, 90 S. E. 421; In re Schanke & Co. 201, Ia. 678, 207 N. W. 756; Nineteenth Ward Bank v. South Weymouth Bank, 184 Mass. 49, 67 N. E. 670; Cosmopolitan Trust Co. v. Leonard Watch Co., 249 Mass. 14, 143 N. E. 827; Belk v. Capital Fire Ins. Co., 100 Nebr. 260, 159 N. W. 405.

By some cases it is suggested that where the papers are sent to the collecting bank at the request of the debtor, and the bank after payment to it fails to remit to the creditor, the debtor will not be discharged. McMullen v. People's etc. Ass'n., 57 Minn. 33, 58 N. W. 820; Virginia Carolina Chemical Co. v. Steen, 99 Miss. 504, 55 So. 47, 34 L. R. A. (N. S.) 724; Fair v. Bowen, 127 Mich. 411, 86 N. W. 991. It is doubtful whether in the case at bar there is anything to show that the papers were sent to the state bank at the instance of the mortgagor, but if we assume that the state bank in requesting the De Moulin company to send the papers was acting as the agent of the mortgagor, we must remain of the opinion that the bank on receipt of the papers became the agent of the plaintiff to receive payment and deliver the release. Note to Virginia Carolina Chemical Co. v. Steen, 34 L. R. A. (N. S.) 734; Bank of Hatch v. Mossman, 25 N. Mex. 547, 185 Pac. 275; Schafer v. Olson, 24 N. D. 542, 139 N. W. 983, 43 L. R. A. (N. S.) 762, Ann. Cas. 1915c, 653; Burch v. Odell (N. D.) 209 N. W. 792; Farmer v. Wallin, 212 Mo. App. 380, 246

S. W. 53. The point is thoroughly discussed in Burch v. Odell, supra, and we feel that it is unnecessary to add anything to what is said in that case.

Having decided that the state bank was the agent of the plaintiff to receive payment, we shall next inquire /whether it did receive payment. From February 9, when it received the papers, until February 27, when the mortgagor came to the bank and gave her check, the bank held the papers for the plaintiff and the money for the mortgagor or the land bank, without applying or appropriating the money to the payment of the debt, and if the money were lost during that time the loss would be borne by the mortgagor or the land bank. There would have to be some act of application of the money on the debt before it could be said that the money passed to the state bank as agent of the plaintiff. Sutherland v. Bank, 31 Mich. 231; Adams v. Hackensack Imp. Co., supra; Nineteenth Ward Bank v. Weymouth Bank, supra; In re Schanke & Co., supra, and cases cited 201 Ia. 686, 207 N. W. at page 760. In Morse on Banks (5th ed. Sec. 214), referring to Sutherland v. Bank, supra, it is said:

"This case brings clearly to view the distinction that if the bank, having received a note for collection, afterward collects the money for it, or, having the money already deposited for that purpose, applies it to the note, these acts are done as the agent for the holder of the note; but if the maker deposits money to pay a note before it is received by the bank, or before it is due, such receiving of money is as agent for the maker only, and unless the bank subsequently does some act applying the money upon the note, it does not act as agent for the note holder, and the latter is not prevented from recovering the paper and suing the maker upon it."

The transactions of Febuary 27 undoubtedly amounted to an application of the money to the payment of plaintiff's mortgage, unless the money had been lost before

that time.    The state bank, as agent of the plaintiff to receive payment, could not bind its principal by any arrangement short of an actual collection and receipt of the money.    Mechem on Agency (2nd Ed.) Sec. 946; Pollak Bros. v. Niall-Herin Co., 137 Ga. 23, 72 S. E. 415, 35 L. R. A. (N. S.) 13.    But the check on itself, when charged to the mortgagor's account, was a collection of the money if the money were there to pay the check. Scott v. Gilkey, 153 Ill. 168, 174, 39 N. E. 265; Schafer v. Olson, supra; Corporation Commission v. Bank, 137 N. C. 697, 50 S. E. 308.    Frequently it is said that the law does not require the depositor to go through the useless formality of having his money passed over the counter to him and then passing it back.    Schafer v. Olson, supra; Belk v. Capital Fire Ins. Co., supra.    That, of course, is where it is shown or inferred that the bank had on hand money with which to pay the check.    See, Bank of Montreal v. Ingerson, 105 Ia. 349, 355, 75 N. W. 351. While the bank is open for business we think it should be inferred *prima facie* that there are funds on hand to pay a check presented in the ordinary way, as in the case at bar, by a depositor who has a sufficient credit.    Planters Mercantile Co. v. Armour Packing Co., 109 Miss. 470, 69 So. 293.    The burden, therefore, to show that the mortgagor's check of February 27 could not have been paid for want of funds in the bank was on the plaintiff.    There was no evidence to prove that fact.    Whether the depositor's knowledge of the bank's insolvency at the time of presentation of the check would alter the case we need not decide, as there was no evidence of such knowledge in this case, and we think the burden on that question also was on the plaintiff.    Indeed, the plaintiff has not contended either that funds were not available in the bank to pay the mortgagor's check, or that she had knowledge that the bank was insolvent.

From facts shown by the uncontradicted evidence, we are of opinion that by the transactions of February 27

the mortgage debt was paid to the state bank as agent of the plaintiff. The mortgage was thereby released, and the money, then belonging to the plaintiff, was lost by his agent's failure to remit.

The judgment of the district court will be reversed, and the case remanded with direction to enter judgment for defendants.

*Reversed and Remanded with Direction.*

BLUME, Ch. J., and POTTER, J., concur.