### WAGNER v. SPAETH, et al.
(No. 1274; June 28, 1927; 257 Pac. 5.)

BANKS AND BANKING—AGENCY FOR COLLECTION AND REMITTANCE.

1. While there is a distinction between an agency for collection and remittance, and one for remittance only, the point is not material where collection had been made and nothing remained to be done by the collecting bank, on receipt of the evidence of indebtedness, except to remit proceeds to forwarding bank, for whom it was acting as agent, as contended, for purposes of remittance only.

APPEAL from the District Court, Goshen County; HON. C. O. BROWN, Judge.

ON PETITION FOR REHEARING

*Harold I. Bacheller* and *E. Paul Bacheller,* for plaintiff and respondent.

*Osmer E. Smith,* and *Kinkead, Ellery & Henderson,* for defendants and appellants.

KIMBALL, Justice.

A petition for rehearing has been filed. Former opinion, 254 Pac. 123.

Complaint is made that authorities cited in respondent's brief on the former hearing were not commented upon in our opinion. We did not comment on those authorities because we thought none of them in point on any question that arose under the facts in the case. And the brief in support of the petition for rehearing does not make specific mention of any overlooked authority that is considered by counsel to be contrary to any principle announced in our opinion. Some authorities that seemed to us to support contentions that were or might have been made by respondent in support of the judgment, like McMullen v. People's etc. Ass'n., 57 Minn. 33, 58 N. W. 820, and Virginia-Carolina Chemical Co. v. Steen, 99 Miss. 504, 55 So. 47, 34 L. R. A. (N. S.) 734, were cited and commented on in our opinion, but we did not find those authorities in respondent's brief.

The principal contention in support of the petition for a rehearing is that we were wrong in applying to this case the conceded general rule that a bank to which a note is sent for collection and remittance becomes the agent of the owner or holder to receive payment. It is again argued that the mortgage note and release were sent to the state bank for "remittance" only, and not for "collection and remittance."

In the brief it is said that there is a recognized distinction between an agency for collection and remittance, and one for remittance only, and that this is evident from what is said in Cosmopolitan Trust Co. v. Leonard Watch Co., 249 Mass. 14, 24; 143 N. W. 827, a case cited in our opinion. While, no doubt, there is such a distinction, we do not think it is evident from anything said in the cited case, nor from any other case mentioned by either counsel.

We are at a loss to understand how the plaintiff in the case at bar could have hoped to derive a benefit by virtue of the distinction. If the note were sent to the state bank for collection and remittance, the result on questions of agency and payment was explained in our former opinion. The bank

did not hold the money as agent for the plaintiff unless and until there was some act applying the money upon the note, which in this case was February 27.  254 Pac. 126.  But plaintiff persists in taking the position that the papers were sent to the state bank for the purpose of remittance only. That implies that the state bank had made the collection, and was holding the money for the plaintiff when the note and mortgage were sent by plaintiff to the bank.  As stated in the brief on the petition for rehearing, "the only thing left for the state bank was to remit, it already had collected."  The state bank, having already collected, according to this contention, was holding the money for remittance to plaintiff, and as it has been conceded all along that the bank was plaintiff's agent for that purpose, the plaintiff should stand the loss occasioned by the bank's failure to remit.  In this view of the case, our remark in the former opinion, that from February 9 to February 27, the state bank held the money for the mortgagor or the land bank, would have to be withdrawn, and the transactions of February 27 would be immaterial.  In acting on the petition for rehearing we feel bound to accept the theory that the plaintiff continues to urge.  Under that theory, we are clearly of opinion that it was plaintiff's money that was lost by the bank while acting as plaintiff's agent.  It is unnecessary to decide whether, if the note and mortgage had been sent for collection and remittance, the plaintiff might not be entitled to a new trial for the purpose of affording him an opportunity of showing that the money to pay the mortgagor's check was not in the bank on February 27.

*Rehearing denied.*

BLUME, C. J., and POTTER, J., concur.